DECISION
{¶ 1} In this original action, relator, Bo Guess, requests a writ of mandamus ordering respondent, Judge Patrick McGrath of the Franklin County Court of Common Pleas, to issue a decision on the "postconviction petitions and motions not yet ruled upon," which were filed by relator at various times from November 1999 to February 2002. Respondent then filed a motion to dismiss, citing a March 11, 2002 judgment entry in which all of the pending motions and petitions were addressed and conclusively ruled upon.
{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth Appellate District, the matter was referred to a magistrate. Prior to issuing his report, the magistrate converted respondent's motion to dismiss into a motion for summary judgment. And, on May 30, 2002, the magistrate issued his decision, including supportive findings of fact and conclusions of law. (Magistrate's Decision, Appendix A.) Therein, the magistrate recommended that this court grant respondent's motion for summary judgment on the grounds that respondent has already rendered a decision relating to the relief sought by relator.
{¶ 3} On June 14, 2002, relator filed an objection to the magistrate's decision. The objection, however, fails to comply with the requirements set forth in Civ.R. 53 and further constitutes nothing more than a circular restatement of arguments previously submitted to the magistrate. Therefore, relator's objection will be overruled.
{¶ 4} Civ.R. 53(E)(3)(b) requires that any objection to a magistrate's decision must "be specific and state with particularity the grounds of objection." Relator's objection meets neither of the stated requirements. Instead, he merely states that he "object[s] to it" and resubmits his argument — already addressed and rejected by the magistrate — that "motions for documents" had not been ruled upon. Relator simply fails to identify any decipherable grounds to uphold his objection; furthermore, he gives no cause to question the magistrate's conclusion that relator's original complaint was void of any demand regarding "motions for documents." Nor does relator present evidence to contradict the magistrate's observation that no attempt has been made to amend the complaint to include "motions for documents" under Civ.R. 15. Because relator's objection clearly fails to conform to the requirements set forth in Civ.R. 53(E)(3)(b), it is overruled.
{¶ 5} An independent review of the record supports the magistrate's determination that respondent has already performed the duty sought; therefore, no genuine issue of material fact remains for consideration. Consequently, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.
{¶ 6} In accord with the recommendation contained in the magistrate's decision, and having overruled relator's objection, respondent's motion for summary judgment is hereby granted, and the requested writ of mandamus is denied.
Objection overruled;
motion for summary judgment granted;
writ of mandamus denied.
TYACK, P.J., and PETREE, J., concur.
 APPENDIX A IN MANDAMUS ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
{¶ 7} In this original action, relator, Bo Guess, an inmate of the Southern Ohio Correctional Facility, requests a writ of mandamus ordering respondent, Judge Patrick McGrath, to rule upon the "postconviction petitions and motions not yet ruled upon," filed by relator beginning November 1999 through the filing date of this original action.
Findings of Fact:
{¶ 8} 1. On February 8, 2002, relator, an inmate of the Southern Ohio Correctional Facility, filed this original action against respondent, Patrick McGrath, Judge of the Franklin County Court of Common Pleas.
{¶ 9} 2. On March 12, 2002, respondent filed a motion to dismiss. Respondent attached to the motion an unauthenticated copy of a judgment entry filed March 12, 2002, in the Franklin County Court of Common Pleas. The judgment entry is signed by respondent and it denies relator's "[m]otions for post-conviction relief beginning with the one filed on November 29, 1999 up to and including the present motion filed on February 8, 2002." The judgment entry is filed in case number 94CR-02-1156.
{¶ 10} 3. On March 13, 2002, the magistrate converted respondent's motion to dismiss to one for summary judgment. Also on March 13, 2002, the magistrate issued to the parties notice that the summary judgment motion would be submitted to the magistrate on April 1, 2002.
{¶ 11} 4. On March 19, 2002, relator filed a document captioned "Relator's reply to 3/13/02 order and opposition to respondent." In his "reply" relator states that "Judges 3/12/02 entry fails to address motions for documents." Relator attached to his "reply" as Exhibit A, a document captioned "Defendant's emergency motion for free documents." This document (presumably prepared by relator) contains case number 94CR-03-1156 written by hand and a file stamp date of November 1999. Presumably, Exhibit A attached to relator's "reply" is a so-called motion for documents that relator asserts that respondent failed to rule upon.
Conclusions of Law:
{¶ 12} It is the magistrate's decision that this court grant respondent's motion for summary judgment, as more fully explained below.
{¶ 13} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337,339-340; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
{¶ 14} Civ.R. 56(C) lists the types of documentary evidence admissible in summary judgment proceedings:
{¶ 15} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"
{¶ 16} In this action, respondent's summary judgment motion is supported only by the unauthenticated copy of the judgment entry attached to respondent's motion to dismiss. The judgment entry is not authenticated pursuant to Civ.R. 44 nor authenticated by an affidavit under Civ.R. 56. Nevertheless, in his "reply" relator does not object to the admissibility of the copy of the judgment entry. When the opposing party fails to object to the admissibility of evidence under Civ.R. 56, the court may consider such evidence when it determines whether summary judgment is appropriate. Bowmer v. Dettelbach (1996), 109 Ohio App.3d 680,684.
{¶ 17} Applying the above stated law to the instant case, the magistrate finds that summary judgment is appropriate in this action. The judgment entry attached to the motion to dismiss shows clearly that respondent has ruled upon the multiple postconviction petitions and motions filed by relator beginning November 1999 through the filing date of this action. Accordingly, respondent has now performed the duty that relator sought to be performed through this mandamus action.
{¶ 18} Relator's Exhibit A attached to his "reply" is not grounds for denial of respondent's summary judgment motion nor is it grounds for the granting of partial summary judgment. The complaint alleged the failure of respondent to rule upon "postconviction petitions and motions not yet ruled upon." The complaint does not allege that respondent failed to rule upon "motions for documents" that relator asserts in his "reply" have not been ruled upon. Moreover, relator has not moved for leave to amend his complaint under Civ.R. 15.
{¶ 19} Respondent's motion to dismiss converted to one for summary judgment clearly shows that respondent has performed the duty that relator sought to compel in his complaint.
{¶ 20} Accordingly, it is the magistrate's decision that this court grant respondent's motion for summary judgment.